JOHN B. DEARBORN *vs.* BISHOP H. RICHARDSON & others.

If a part owner of personal property which has been attached on mesne process against him and delivered to another part owner on a bond given to the officer under the Gen. Sts. c. 123, § 88, dissolves the attachment by giving a bond to the plaintiff under § 104, no action can afterwards be maintained upon the first bond.

CONTRACT by a deputy of the sheriff of Suffolk, on two bonds taken by him under the Gen. Sts. c. 123, § 88. Writ dated March 19, 1870. Trial in the superior court, before *Reed*, J., who directed a verdict for the defendants and reported for the determination of this court the case which is stated in the opinion.

*I. H. Wright*, for the plaintiff.

*R. M. Morse, Jr.*, for the defendants.

CHAPMAN, C. J. The plaintiff is a deputy sheriff, and had in his hands a writ in favor of William L. Howarth against Simon

C. Coffin, upon which he attached one sixty-fourth part of a cer-
tain steamer. The defendant Richardson, being part owner in
her, desired to have her released from the attachment, and accord-
ingly gave to the plaintiff a bond, with the other defendants as
sureties, under the Gen. Sts. *c.* 123, § 87 *& seq.* ; * and took pos-
session. The bond was given November 17, 1866, and is the first
of the bonds now in suit. On the 22d of the same month, the
plaintiff attached two sixty-fourth parts of another steamer on
the same writ in favor of Howarth against Coffin, and the defend-
ant thereupon gave the second bond now in suit. The steamers
were delivered to the defendant Richardson.

By § 90, if the attachment is dissolved, the party to whom the
defendant's share is delivered shall restore the same to the defend-
ant; or to the officer, to be by him delivered to the defendant in
the suit. The plaintiff does not claim the property in order that
he may deliver it to Coffin.

On the 14th of February 1867, Coffin procured a dissolution
of the attachments in both actions by giving bond to Howarth in
conformity with § 104 † *& seq.* of the same chapter ; and thus

---

* The Gen. Sts. *c.* 123, provide, in § 87, that, when personal property be-
longing to two or more persons is attached in a suit against one or more of the
part owners, it shall be examined and appraised upon the request of any other
of the part owners; in § 88, that it shall then be delivered to the part owner
at whose request it was appraised, " upon his giving bond to the attaching offi-
cer in a sufficient penalty and with two sufficient sureties, conditioned to restore
the same in like good order, or to pay the officer the appraised value of the
defendant's share or interest therein, or satisfy all such judgments as may be
recovered in the suit in which it is attached, if demanded within the time dur-
'ng which the property would have been held by the respective attachments; "
in § 89, that, if the appraised value of the property, or any part thereof, is so
paid, the defendant's share of the property shall become pledged to the party
to whom it was delivered; and in § 90, that, if the attachment is dissolved,
such party shall restore the defendant's share to him, or to the officer for him.

† " Any person or corporation, whose goods or estate are attached on mesne
process in a civil action, may, at any time before final judgment, dissolve such
attachment, by giving bond, with sufficient sureties, to be approved by the
plaintiff or his attorney in writing, or by a master in chancery, with condition
to pay to the plaintiff the amount, if any, that he may recover, within thirty
days after the final judgment," &c.

the plaintiff lost all claim of every kind to the property attached. It followed, of course, that the bonds of the defendants for the return of the property to the officer ceased to have any validity.

The plaintiff now contends that he can enforce them for the benefit of Howarth, who has obtained judgment and execution against Coffin, and desires to fall back upon the security obtained by means of the defendants' bonds, instead of relying upon that which he obtained by means of the bond given directly to himself to dissolve the attachment. But the bond given to Howarth to dissolve the attachment was a substituted security, and not additional to the bonds given to the officers to secure the return of the property to him in case the attachment should remain in force. If the defendants had returned the property to the officer while the action was pending, the plaintiff could not have retained it after the attachment was dissolved, but must have returned it to Coffin. This action cannot therefore be maintained.

*Judgment for the defendants.*